914 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Michael SCATES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6007.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 18, 1990.
Decided Sept. 21, 1990.
As Amended Oct. 25, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CR No. 66-5000; C/A No. 88-102-3).
 David Michael Scates, appellant pro se.
 Thomas Philip Swaim, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Michael Scates appeals the district court's denial of his petition for a writ of error coram nobis. Scates sought to have expunged from his record a 1966 juvenile conviction for breaking and entering on a military reservation. It was his contention that his guilty plea was involuntary and that he was denied the effective assistance of counsel. We affirm.
 
 
 2
 Coram nobis is an extraordinary remedy that is available only under circumstances compelling relief in order to achieve justice. United States v. Morgan, 346 U.S. 502, 512-13 (1954). The burden is on the petitioner to show that he is entitled to relief; the challenged proceedings are presumed to be correct. Id. To meet his burden, a petitioner must show that a more usual remedy is unavailable; that valid reasons exist for not attacking his conviction earlier; that adverse consequences flow from the conviction so that there exists a case or controversy; and that the error is of the most fundamental character. Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987).
 
 
 3
 Scates failed to meet his burden respecting the second element. It was his responsibility in the first instance to demonstrate that "sound reasons exist ... for failure to seek appropriate earlier relief." United States v. Morgan, 346 U.S. at 512. Scates' reasons for not seeking relief earlier were that he "did not know of his right to appeal and he did not know that he had a constitutional right to assistance of counsel." Additionally, Scates argued that he was not aware of the adverse consequences of the juvenile conviction until it appeared on the presentence report prepared in connection with a conviction pursuant to which he currently is incarcerated.
 
 
 4
 Given Scates' extensive history in the criminal justice system, we find that these reasons do not satisfy the requirement that Scates demonstrate valid reasons justifying his failure to attack his convictions earlier. As our review of the record and other materials before us indicates that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 5
 The motions for appointment of counsel and for preparation of a transcript at government expense are denied. The motion to supplement the record with the transcript of sentencing before Judge Boyle and the presentence report is denied as moot since the record contains those documents.
 
 AFFIRMED